## AUKLAND v AUKLAND

Ohio Appeals, 2nd Dist, Franklin Co.

No. 3206. Decided Dec. 5, 1939.

Horace S. Kerr, Columbus, for plaintiff-appellee.

Don H. Schneemilch, for defendant-appellant.

## OPINION

BY THE COURT:

The above-entitled cause is now being determined on appellant's application for rehearing. The application primarily is based on the fact that the writer of the original opinion inadvertently in two or three instances refers to the default payments as alimony rather than support for minor children.

There was in fact no misapprehension about the character of the order, and this is clearly manifest from the fact that on the very first page of the opinion the substance of the order was set out in full. It is not unusual for courts and lawyers to refer to support installments allowance made in divorce actions as alimony, whereas in truth and in fact it is only alimony where the allowance is for the support of a wife. It is an improper designation where the allowance is made for the support of minor children.

In the case of **Armstrong v Armstrong, 117 Oh St 559,** there might arise the criticism that the court inadvertently refers to the order as alimony, whereas it should be spoken of as alimony and support for minor children.

We do not mean to say that counsel in the instant case was merely quibbling over the improper designation, but we clearly understand that he is making the claim that the rule is different in an alimony installment allowance and installment allowance for the support of children.

We want to reiterate in this short opinion that it is our finding that under the facts in the instant case the principles of law are identical, whether it be an installment allowance for support of a wife or for support of children.

The argument of counsel that the amount of the allowance was payable into court and was not payable to the wife, has no merit. The only purpose of providing payment into court was a protection to the husband, through which there would be maintained a record of his payments and to obviate further disputes where payments were made direct to the wife. As stated in the original opinion, the payments into court were for the benefit of the wife, and right of action inured to her for defendant's failure to pay.

Most assuredly had the husband paid direct to the wife instead of into court, such payments would have been a complete defense. However, had the wife denied such payments, very strong proof would have been required on the part of the husband to prove payments, since the court had set up a plan through which he could be fully protected.

Counsel in support of his application for rehearing again stresses. as he did in his original brief, the principle of law that where two or more courts have concurrent jurisdiction the one first properly taking jurisdiction will preempt the field and deny to other courts jurisdiction. We stated in our original opinion, and repeat herein, that we recognize this principle.

The present action is not an attempt to oust the jurisdiction of the Probate Court in Union County, wherein it supposedly made orders as to the custody of the two minor children. Neither was the action in the Common Pleas Court of Union County an attempt to modify the amount of the order, but as the entry stated it was merely a recital of the the substance of the Probate Court or-

der and by agreement of the parties, a change as to the place of payment.

Neither was the action of the Common Pleas Court of Franklin County any attempt to modify the order as to the custody of the children or the amount to be paid for the support.

On the other hand, the action was to compel compliance with the order.

In the trial the husband admitted that he was in default, that no application had been made to modify the order, and further that the same had never been modified. Under such a situation the plaintiff in the instant case surely had a right of action.

The application for rehearing will be overruled.

HORNBECK, PJ., GEIGER & BARNES, JJ., concur.